# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **TYRESE D. HYLES,** | ) | **CASE NO. 7:18CV00183** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BRECKON,** | ) | **By: Norman K. Moon** |
| **Respondent.** | ) | **Senior United States District Judge** |

Plaintiff Tyrese D. Hyles, a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his detention is unlawful. After review of the record, I conclude that Hyles' petition must be summarily dismissed as an improperly filed § 2255 motion.[1]

### I.

The facts are taken from the direct appeals of Hyles and his codefendant. *United States v. Hyles*, 479 F.3d 958 (8th Cir. 2007); *United States v. Cannon*, 475 F.3d 1013 (8th Cir. 2007). On August 21, 2000, police found Coy Smith shot to death in his bed. Smith was a private citizen who had been working with law enforcement in the area to make controlled drug purchases from local drug dealers. On August 10, 2000, Smith testified against Hyles at a preliminary hearing in a state drug case. At that time, Hyles was being held in Pemiscot County Jail in Caruthersville, Missouri pending trial in a state drug prosecution. After Smith's testimony, Hyles approached his cellmate, David Carter, and asked him if he would kill Smith. Hyles offered bail money and a Pontiac Parisienne in return for killing Smith. Carter agreed, and arrangements were made to bail out Carter, drive him home, and deliver a pistol to him. Carter

---

[1] Rule 4 of the Rules Governing Section 2254 Cases authorizes summary dismissal of a habeas corpus action if it is clear that the petitioner is not entitled to relief.

never followed through with the murder. After a time, Hyles made a separate agreement with his friend Amesheo Cannon. Cannon acquired the gun, drove from Memphis, Tennessee to Caruthersville, Missouri, and killed Smith. Cannon received the Pontiac in exchange for murdering Smith.

The procedural history is taken from Hyles' second Rule 60(b) motion, *United States v. Hyles*, No. 1:09CV105HEA (E.D. Mo. Oct. 24, 2014). In 2005, the Eastern District of Missouri entered final judgment convicting Hyles of conspiracy to commit murder-for-hire and aiding and abetting murder-for-hire under 18 U.S.C. § 1958, and sentenced him to two consecutive life-without-parole sentences. The Eighth Circuit Court of Appeals affirmed his convictions in full.

On February 9, 2009, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, but the district court denied the motion as time-barred. After that, Hyles alleged newly discovered evidence and fraud in a Rule 60(b) motion, which the trial court denied after construing the filing as a successive and untimely § 2255 motion. The court held that petitioner's allegations concerned fraud in his underlying criminal action and only a Rule 60(b) motion alleging fraud or other defect in the federal habeas proceeding could underpin a Rule 60(b) motion. Hyles filed an additional Rule 60(b) motion, asserting that *Alleyne v. United States*, 570 U.S. 99 (2013)[2] should be retroactively applied to his case in order to reduce his sentence. The district court denied relief, concluding that *Alleyne* does not apply retroactively on collateral review.

## II.

Hyles filed this § 2241 action in April 2018, raising four claims:

---

[2] In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be submitted to the jury and found beyond a reasonable doubt.

(1) The murder-for-hire statute, 18 U.S.C. § 1958, infringes upon state sovereignty and U.S. Const. art. I, § 8, cl. 17,[3] and violated Hyles' Fifth, Sixth, Ninth, and Tenth Amendment rights;

(2) The prosecutor lacked constitutional standing/jurisdiction under U.S. Const. art. III, § 2, and acted *ultra vires*;

(3) A so-called uncharged count of "murder conduct" under Missouri state law unconstitutionally enhanced his sentence in violation of Hyles' Fifth and Sixth Amendment rights; and

(4) His convictions and sentence was legally flawed because 18 U.S.C. §§ 1958 and 3592 are invalid and vague statutes, which violated Hyles' Fifth, Sixth, and Fourteenth Amendment rights.

For relief, Hyles requests his sentence to be corrected based on the findings submitted in the indictment and found by the trial jury, and/or reversal and vacation of his convictions, and/or a plea deal of at least 12 years on each conviction to run concurrently. On July 5, Hyles filed a motion to amend essentially reiterating the facts and argument related to Claim 3.

## III.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a challenge related to the

---

[3] "The Congress shall have Power: To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

calculation of a prisoner's sentence is properly brought under § 2241 because it affects the term of confinement. *Id.* at 487. Meanwhile, challenges to the validity of convictions and sentencing are generally under the exclusive realm of § 2255. *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977). A petitioner may only challenge convictions and sentencing errors in a traditional writ of habeas corpus pursuant to § 2241 when § 2255 is inadequate or ineffective. 28 U.S.C. § 2255(e) (The "savings clause" of § 2255(e) allows a federal court to review a petitioner's challenge to his sentencing or underlying convictions in a § 2241 motion if "the remedy by [§ 2255] motion is inadequate or ineffective.").

Section 2255 is inadequate or ineffective to test the legality of a conviction when:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Further, § 2255 is inadequate or ineffective regarding sentencing errors when:

1. at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the conviction;
2. subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
3. the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
4. due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). However, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.1997).

## IV.

Here, Hyles challenges his underlying convictions and sentencing. Therefore, unless the remedy offered by § 2255 is inadequate or ineffective, I must dismiss his current § 2241 petition as improperly filed.

In Claim 1, Hyles alleges that 18 U.S.C. § 1958 violates the jurisdictional limitations of the Constitution. Specifically, the murder-for-hire statute unconstitutionally enabled the federal government to usurp Missouri's jurisdiction in prosecuting Hyles for Smith's murder. However, Hyles fails to demonstrate that any change in substantive law has deemed: (1) his previously criminal act no longer criminal; or (2) his sentence fundamentally defective. Instead, he generally disagrees with the application of § 1958.[4] Therefore, he has not shown that the remedy available under § 2255 was inadequate or ineffective, and he is not entitled to federal review of Claim 1.

In Claim 2, Hyles attacks the prosecutor's jurisdiction: "the [federal] government [] lacks jurisdiction over the Missouri state violation, as the state has not ceded jurisdiction over to the [federal] government over the state [first] degree murder, required under [U.S. Const. art. I, § 8, cl. 17]." Mem. in Supp. of Pet. 6, Dkt. No. 1-1. Once again, Hyles fails to demonstrate that a substantive change in law deemed: (1) his previously criminal act no longer criminal; or (2) his sentence fundamentally defective. Therefore, he has not shown that the remedy available under § 2255 was inadequate or ineffective, and he is not entitled to federal review of Claim 2.

In Claim 3, Hyles contends that the government lacked the jurisdiction to prosecute him with federal murder charges because the murder did not occur on federal property or against a

---

[4] Hyles cites cases ranging from 1818 to as recent as 2007 that discuss the interplay between federal and state jurisdiction, but his argument does not establish that any change in substantive law regarding § 1958 occurred after initial § 2255 motion.

federal agent, and Missouri had not ceded jurisdiction to the United States government.[5] Further,

Hyles alleges that the federal prosecutor's submission of jury instructions of the uncharged

offense of first-degree murder under Mo. Stat. § 565.020 resulted in a potential death sentence.

Hyles asserts that, although the jury declined to impose it, the potential death penalty resulted in

a much higher mandatory minimum sentence for Hyles.

As in his second Rule 60(b) motion, Hyles cites *Apprendi v. New Jersey*, 530 U.S. 466

(2000) and its extension *Alleyne* in support of his argument. However, Hyles fails to

demonstrate that a substantive change in law deems: (1) his previously unlawful conduct no

longer criminal; or (2) his sentence fundamentally defective. Further, *Alleyne* and *Apprendi* are

not retroactively applicable on collateral review.[6] *See In re Payne*, 733 F.3d 1027, 1029-30

(10th Cir. 2013) (concluding that *Alleyne* does not apply retroactively on collateral review); *In re*

*Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) (same); *United States v. Winkelman*, 746 F.3d 134,

136 (3d Cir. 2014) (same); *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1286 (11th Cir. 2014)

(same); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (same); *United States v. Redd*, 735 F.3d

88, 92 (2d Cir. 2013) (same); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) (same);

*Schriro v. Summerlin*, 542 U.S. 348 (2004) (other rules based on *Apprendi* do not apply

---

[5] In his motion to amend, Hyles attempts to clarify and replace Claim 3; however, the amendment merely reasserts the same argument as Claim 3 in his petition. Therefore, I will address them together.

[6] Hyles also briefly states that he is innocent and/or entitled to equitable tolling, and that trial counsel was ineffective for failing to object to the jury instructions. First, he has not proffered compelling new evidence of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Second, he is not entitled to equitable tolling because he has not established that extraordinary circumstances prevented timely filing; in fact, even his initial § 2255 motion was time-barred. Third, counsel represented Hyles at trial and (presumably) until the end of his direct appeal in 2007; the Supreme Court did not decide *Alleyne* until 2013. Certainly, counsel is not expected to predict the future. *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) ("Counsel need not anticipate changes in the law.").

retroactively on collateral review).[7] Therefore, he has not shown that the remedy available under § 2255 was inadequate or ineffective, and he is not entitled to federal review of Claim 3.

In Claim 4, Hyles challenges his detention "based on an unconstitutional conviction and sentence by the use of a non-qualifying state prior (unlawful use of weapon-U.U.W.) and challenges the vague statute of 18 U.S.C. § 3592 (Death Penalty Statute)." Mem. in Supp. of Pet. 8. At the threshold, Hyles fails to demonstrate that a substantive change in law deems: (1) his previously unlawful conduct no longer criminal; or (2) his sentence fundamentally defective. Further, he fails to coherently argue that the statute is unconstitutionally vague and that the federal government was "non-qualifying." Lastly, his argument that the other claims in this petition qualify for the savings clause of § 2255(e) is incorrect; I have concluded that they do not. Therefore, he has not shown that the remedy available under § 2255 was inadequate or ineffective, and he is not entitled to federal review of Claim 4.

## V.

For the reasons stated, I will deny the motion to amend as futile and deny the petition. The Clerk shall send copies of this opinion and accompanying order to Hyles. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied. A final order will issue.

**ENTER:** This __8th__ day of August, 2018.

Norman K. Moon

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] The Fourth Circuit has not directly addressed *Alleyne's* applicability yet. However, both the Eastern and Western Districts of Virginia have held that *Alleyne* does not retroactively apply on collateral review. *Goodman v. United States*, No. 2:14CV288, 2014 WL 5092631, at *3 (E.D. Va. Sept. 30, 2014) (collecting cases agreeing with *Simpson*); *Williams v. United States*, No. 4:09CR00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014) (agreeing with *Simpson*).